**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROMAN PETROSYAN, | No. 06-72642 |
| Petitioner, | Agency No. A097-103-193 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Roman Petrosyan, a native of the former Soviet Union and a citizen of

Armenia and Azerbaijan, petitions for review of the Board of Immigration

Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision

denying his application for asylum and withholding of removal.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we grant the petition for review and remand.

Substantial evidence supports the IJ's finding that Petrosyan's conscription into the Armenian military did not constitute past persecution on account of a protected ground. *See id*. at 1187 (forced conscription or punishment for evasion of military duty generally is not persecution).

The agency also found that the repeated beatings, broken nose, ethnic slurs, threats and other mistreatment Petrosyan suffered in the Armenian military did not rise to the level of persecution and were not on account of his Azeri heritage. These findings are not supported by substantial evidence. *See Duarte de Guinac v. INS*, 179 F.3d 1156, 1161-62 (9th Cir. 1999) (repeated beatings and verbal assaults during petitioner's military service rose to the level or persecution); *see also Mihalev v. Ashcroft,* 388 F.3d 722, 730 (9th Cir. 2004) (petitioner need not establish abuse more severe than others suffered to establish abuse "on account of" ethnicity).

Because a showing of past persecution entitles a petitioner to a presumption of both a well-founded fear and clear probability of future persecution, *see* 8 C.F.R. §§ 1208.13(b)(1) & 1208.16(b)(1)(i), and because the agency did not

analyze Petrosyan's claim of future fear under this presumption, we grant the petition for review and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Finally, in light of our disposition, we do not reach Petrosyan's due process contention.

**PETITION FOR REVIEW GRANTED; REMANDED.**